# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANIEL L. JOHNSON,**<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**AY RIAZ, et al.,**<br><br>　　　　Defendants. | Civil Action No. 24-448 (SDW-AME)<br><br>**MEMORANDUM OPINION** |

**IT APPEARING THAT:**

　　1. On or about January 23, 2024, Plaintiff Daniel L. Johnson, a prisoner incarcerated in Northern State Prison, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a), which establishes his financial eligibility to proceed without prepayment of the filing fee, and it will be granted (ECF No. 1-1).

　　2. Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

3. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  A plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.*  "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

5. The defendants to this action are four police officers from Hudson County Police Department: Ay Riaz, J.A. Mendez, J.A. Ngo, and C.A. Berequette.  Plaintiff alleges the following facts in support of his claims:

> Set up by prosecutors and the State of New Jersey police in Hudson County. Slandered with fict[itious] claims that[] [were] posted tying me to homicide I didn't commit. Furthermore, seeking relief as one should with 16 % 85 wit[h] 2 ½ year conse[cutive].
>
> Seeking relief / medical issues / resolved therapy.

(Compl., ECF No. 1 at 6-7).

6. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). Under § 1983, a plaintiff must plead each defendant's personal involvement in the alleged constitutional violation. *Iqbal*, 556 U.S. at 676.

7. Plaintiff mentions medical issues that apparently have been resolved. Therefore, the Court does not construe the complaint as containing any medical claims. Plaintiff's claims revolve around his murder conviction. "[I]f a defendant has been convicted at a trial at which the prosecution has used fabricated evidence, the defendant has a stand-alone claim under section 1983 based on the Fourteenth Amendment." *Mervilus v. Union Cnty.*, 73 F.4th 185, 193 (3d Cir. 2023) (quoting *Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014)). Among other things, a plaintiff must allege facts showing a "reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted." *Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014). Establishing this element, however, would necessarily imply the invalidity of Plaintiff's conviction. *See, e.g., Ortiz v. New Jersey State Police*, 747 F. App'x 73, 78 (3d Cir. 2018). "A plaintiff's lawsuit is barred under § 1983 if "establishing the basis for the ... claim necessarily demonstrates the invalidity of the conviction." *Id.* at 77 (quoting *Heck v. Humphrey*, 512 U.S. 477, 481–82 (1994)). A plaintiff may not bring such a claim until the conviction is favorably terminated. *Id.* (citing *Grier v. Klem*, 591 F.3d 672, 677 (3d Cir. 2010)). Because Plaintiff seeks

3

relief regarding his sentence, it appears that he is serving a sentence imposed after his murder conviction.  Therefore, Plaintiff must seek to invalidate his conviction[1] before he may bring a § 1983 suit for fabrication of evidence.  To bring a claim of malicious prosecution, Plaintiff must also allege favorable termination of his conviction.  *Heck*, 512 U.S. at 484.

    8.  In conclusion, this Court will grant Plaintiff's IFP application and dismiss his complaint without prejudice because his claims are *Heck*-barred.

    An appropriate order follows.


Dated:February 2, 2024

/s/ Susan D. Wigenton
Hon. Susan D. Wigenton,
United States District Judge

---

[1] In *Heck*, the Supreme Court held,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87.